UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In re: **Stanley M. Ferenc**
**Dynah N. Duncan-White**
Debtor(s).

CHAPTER 13
CASE NO: **15-55710**
JUDGE **Phillip J. Shefferly**

## ORDER CONFIRMING PLAN

The Debtor(s)' Chapter 13 plan was duly served on all parties in interest. A hearing on confirmation of the plan was held after due notice to parties in interest. Objections, if any, have been resolved. The Court hereby finds that each of the requirements for confirmation of a Chapter 13 plan pursuant to 11 USC §1325(a) are met.

Therefore, IT IS HEREBY ORDERED that the Debtor(s)' Chapter 13 plan, as last amended, if at all, is confirmed.

IT IS FURTHER ORDERED that the claim of **Babut Law Office, P.L.L.C.**, Attorney for the Debtor(s), for the allowance of compensation and reimbursement of expenses is allowed in the total amount of $ **3,500.00** in fees and $ **0.00** in expenses, and that the portion of such claim which has not already been paid, to-wit: $ **2,900.00** shall be paid by the Trustee as an administrative expense of this case.

IT IS FURTHER ORDERED that the Debtor(s) shall maintain all policies of insurance on all property of the Debtor(s) and this estate as required by law and contract.

All filed claims to which an objection has not been filed are deemed allowed pursuant to 11 USC §502(a), and the Trustee is therefore ORDERED to make distributions on these claims pursuant to the terms of the Chapter 13 plan, as well as all fees due the Clerk pursuant to statute.

IT IS FURTHER ORDERED as follows: [*Only provisions checked below apply*]

☒ Other: The Debtors shall pay the post-petition real property taxes assessed against 2640 Raymond, Dearborn, Michigan 48124 ("Property") directly to the City of Dearborn Treasurer as follows: (1) Summer taxes are to be paid in full by September 14 [when the taxes come due], and (2) Winter taxes are to be paid in full by February 14 [when the taxes come due]. Within 7 days of satisfying the tax obligations, the Debtors shall provide 2000 Real Estate, LLC with evidence that the Debtors are in compliance with the above terms. In the event that the Debtors fail to fulfill said tax obligations or default on their plan payments, then 2000 Real Estate, LLC may submit a notice of default [served upon the Debtors, the Debtors' counsel [via the ECF], and the Trustee] providing the Debtors 21 days from the service of the notice of default in which to cure any and all defaults. If the Debtors fail to cure the defaults after having been provided notice under the provisions of this Order, then 2000 Real Estate, LLC may submit an affidavit attesting to the failure of Debtors to cure the defaults along with an order for Relief from the automatic stay and waiving the provisions of FRBP 4001(a)(3) to be entered by the Bankruptcy Court without further notice or hearing.

☒ Other: 2000 Real Estate, LLC shall have a fully secured Class 5.1 claim (Claim 11) in the amount of $42,000.00 to be paid by the Trustee at 0.0 % interest and in equal monthly payments of $700.00. The supplement to the Proof of Claim filed by 2000 Real Estate, LLC at docket no. 53 is disallowed for the purposes of this Chapter 13 case only and without prejudice to 2000 Real Estate, LLC right to bring the supplemental claims in the event the Debtor's case is dismissed or converted.

☒ Other: Wayne County Treasurer shall have a fully secured Class 5.2 claim for 2015 Property Taxes on the Debtors' residence located at 2640 Raymond, Dearborn, Michigan 49202 for $4,112.83 at 12 % interest to be paid by the Trustee.

☒ Other: The City of Dearborn shall be paid pursuant to its duly filed Proof of Claim [Claim 10].

☒ In the event that debtor(s) fail(s) to make any future Chapter 13 plan payments, the Trustee may submit a notice of default, served upon debtor and debtor's counsel and permitting 30 days from the service of the notice in which to cure any and all defaults in payments. If debtor(s) fails to cure the defaults in payments after having been provided notice under the provisions of this order, then the Trustee may submit an Order of Dismissal to the Bankruptcy Court along with an affidavit attesting to a failure to make plan payments, and the proceedings may be thereafter dismissed without a further hearing, or notice.

☒ The debtor will provide $553 of 2015 federal tax refund to the Trustee by 8/30/16.

**Objections Withdrawn**

For Creditor Remax 2000   **/s/ Tracy Clark   (P60262)**

For Creditor Wayne County Treasurer   **/s/ Noel J. Ravenscroft (P77729)**

Approved:

/s/ Margaret Conti Schmidt
Krispen S. Carroll (P49817)
Margaret Conti Schmidt (P42945)
Maria Gotsis (P67107)
Chapter 13 Standing Trustee
719 Griswold St., Ste 1100
Detroit, MI 48226
(313) 962-5035
notice@det13ksc.com

/s/ Thomas Paluchniak
Thomas Paluchniak (P70284)
Babut Law Office, P.L.L.C.
Attorney for Debtor(s)
700 towner Street
Ypsilanti, MI 48198
(734) 485-7000
tpaluchniak@babutlaw.com

.

**Signed on June 25, 2016**

                                    **/s/ Phillip J. Shefferly**
                            **Phillip J. Shefferly**
                            **United States Bankruptcy Judge**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy